WILLIAM A. COIT, Appellant, *v.* FREEMAN CAMP-BELL, Surviving Partner, etc., and COURTLANDT PALMER, Respondents.

*Right to revive action — Code, section 757, as amended by chapter 542 of 1879 — is only applicable to the case of a sole plaintiff or defendant — how far the court is bound to act thereunder without regard to the laches of the applicant.*

Section 757 of the Code of Civil Procedure, as amended by chapter 542 of 1879, providing that "in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues the court must, upon a motion, allow or compel the action to be continued by or against his representatives or successors in interest," is only applicable to the case where there is a sole plaintiff or sole defendant.

The words "sole defendant" cannot be construed as meaning "all defendants."

*Quære,* as to how far the court is bound under said section, as so amended, to allow a continuance of the action in all cases, no matter how great the *laches* of which the applicant has been guilty?

APPEAL from an order of the Special Term denying a motion for leave to continue this action against the executors of Court-landt Palmer, deceased.

*Nathaniel Cothren*, for the appellant.

*J. L. Cadwalader*, for the respondents.

BARRETT, J. :

This action was in the nature of a creditor's bill. The defendant Campbell was the survivor of the judgment debtors.

The defendant Palmer was sought to be charged as a trustee in possession (of certain real estate) for the benefit of the judgment debtors. The suit was commenced as far back as September, 1866. Palmer's answer was served in December of that year, and the case was noticed for trial and placed upon the calendar. Since then nothing has been done. Campbell died on the 10th day of May, 1874; Palmer on the fifth of June in the same year. The first step taken by the plaintiff was in January, 1879, when he moved to continue against the surviving executors of Palmer and the surviving administrator of Campbell. This motion was heard by Mr. Justice DONOHUE on the 1st of March, 1879, and denied, for the reason that the *laches*, both before and after Palmer's death, was entirely unexplained. Leave to renew was granted upon such explanation being made. The renewal took place in September, 1879, before Mr. Justice WESTBROOK, and the motion was again denied, for the reason that even upon the additional affidavits the *laches* was still unexcused. The present appeal is from the latter order.

If the last motion be treated strictly as a renewal it was properly denied, for the reason assigned by Mr. Justice WESTBROOK, namely : That sufficient grounds were not shown why steps had not been taken in the cause prior to the death of Courtlandt Palmer, and why no motion had been made since his death.

We have gone through the deposition and affidavits, and are quite satisfied that there was gross and unexcused *laches*, both before and after Mr. Palmer's death.

It is urged, however, that this should be treated not as a

renewal, but as an original motion. The plaintiff's contention is based upon the change in the law which took place intermediate the first and second hearing. In. March, when Mr. Justice DONOHUE denied the original motion, section 757 of the New Code read as follows :

" In case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court must, upon a supplemental summons and complaint, or, in its discretion, upon a motion, if made within one year after the decedent's death in a proper case, allow or compel the action to be continued by or against his representative or successor in interest."

The argument upon this is that as the plaintiff exhibited no supplemental complaint the denial of the motion followed, for the reason that it was not made within the year. This view of the matter we take to be sound.

Now, before the second motion was made the section was amended so as to read as follows :

" In case of the death of a sole plaintiff, or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest."

Here it will be observed everything about a supplemental complaint, or limit as to time, or discretion has been stricken out. We again agree with the plaintiff that this goes to the remedy merely, and that he may take advantage of the amendment.

The difficulty, however, is the entire inapplicability of the section. Palmer was not a sole defendant. There were in fact two. Palmer died first, leaving Campbell in. It is impossible to construe the section as the plaintiff would have us. We cannot say that a sole defendant means *all the defendants* without doing violence to plain language. There was no such difficulty under the Old Code, which reads, " in case of the death of *a party*" (§ 121). We must assume that the change from the expression " a party " to " a sole plaintiff or defendant " was made advisedly.

The plaintiff is in error in supposing that he is without remedy. He is only without the remedy *by motion*. Legislation is not required to enable him to file a supplemental complaint *in the* nature of a bill of reviver. We do not mean to intimate, however,

that he is likely, upon the present facts, to attain any great success in such a proceeding.

As to whether, in the case of a sole plaintiff or defendant, the court is bound, no matter how great the *laches*, to allow a continuance we need not now determine ; but we may say that just and well settled rules are not to be lightly disturbed, certainly not unless the legislation is plain and unmistakable. When the question necessarily arises it will have to be determined whether the intention was to sweep away all such wholesome rules as were laid down, for instance in *Beach* v. *Reynolds* (53 N. Y., 1), or whether the compulsory expression is not really limited to the phrase " upon a motion," thus leaving the equity rules but compelling the court to apply them at all times upon motion, without driving the party to a supplemental complaint.

It is to be hoped, however, before the exigency arises this point may be rendered entirely clear by fresh legislation. The order of the Special Term was right and should be affirmed, with ten dollars costs and disbursements.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.